IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:08-CV-00107

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| | ) | **JURY TRIAL DEMAND** |
| YAMATO OF SANFORD, INC. D/B/A YAMATO'S JAPANESE STEAK AND SEAFOOD RESTAURANT, | ) ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to employees who were adversely affected by the practices. The Commission alleges that Defendant Yamato of Sanford, Inc. d/b/a Yamato's Japanese Steak and Seafood Restaurant ("Defendant") discriminated against Christine Papen and other similarly situated female employees by subjecting them to sexual harassment and a sexually hostile work environment because of their sex, female. In addition, the Commission alleges that Defendant constructively discharged Christine Papen because of her sex. The Commission further alleges that Defendant refused to rehire Christine Papen because she threatened to complain to a government agency about the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Yamato of Sanford, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Sanford and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Yamato of Sanford, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Christine Papen filed a charge with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July 2006 until at least December, 2006, Defendant engaged in unlawful employment practices at its restaurant located in Sanford, North Carolina, in violation of

2

Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).  Specifically, Defendant subjected Christine Papen and other similarly situated female employees to sexual harassment that created a sexually hostile work environment.  The sexual harassment included unwelcome sexual touching, comments and advances by at least two male co-workers.  Although Papen and other similarly situated female employees complained about the harassment, Defendant failed to take reasonable steps to prevent or correct the sexual harassment and the sexual harassment continued.  As a result of the sexual harassment, in December 2006, Ms. Papen was forced to resign.  After her resignation, Ms. Papen sought reemployment with Defendant, indicating that the sexual harassment had to be addressed or she would report the sexually hostile work environment to a government agency.  Defendant refused to rehire Ms. Papen because she threatened to report the sexual harassment at Defendant's restaurant.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Christine Papen and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Christine Papen and other similarly situated female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from sexual harassment or any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Christine Papen, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Christine Papen.

D. Order Defendant to make whole Christine Papen and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant to make whole Christine Papen and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights in amounts to be determined at trial.

F. Order Defendant to pay Christine Papen and other similarly situated female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 13th day of February, 2008.

          Respectfully submitted,

          RONALD S. COOPER
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          1801 L Street, N.W.
          Washington, D.C. 20507

          /s/ Lynette A. Barnes
          LYNETTE A. BARNES
          Regional Attorney
          TINA BURNSIDE
          Supervisory Trial Attorney
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          Charlotte District Office
          129 West Trade Street, Suite 400
          Charlotte, North Carolina 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608
Telephone: 919.856.4080
Facsimile: 919.856.4156
Zoe.Mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6

Case 1:08-cv-00107-TDS-WWD    Document 1    Filed 02/13/08    Page 6 of 6